# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee/Cross-Appellant,

v

PATRICIA MILISSA KREINER,

          Defendant-Appellant/Cross-
          Appellee.

UNPUBLISHED
July 16, 2015

No. 309334
Bay Circuit Court
LC No. 11-010364-FC

## ON REMAND

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

In defendant's prior appeal we upheld the trial court's findings and conclusions that defendant had received the ineffective assistance of counsel when her trial counsel did not adequately explain the prosecution's plea offer. *People v Kreiner*, unpublished opinion per curiam of the Court of Appeals, issued October 23, 2014 (Docket No. 309334). Specifically, the plea offer was for defendant to plead to the charged crime (first-degree criminal sexual conduct, MCL 750.520b(1)(a) (sexual penetration of a victim under 13 years of age)) and receive a sentence of 10 years in prison. Defendant rejected that offer (and that decision was the basis for the ineffective assistance of counsel argument), went to trial and was convicted as charged. She was then sentenced to the statutory 25 year mandatory minimum. After a *Ginther*[1] hearing, the trial court held that defendant received the ineffective assistance of counsel, and ordered as a remedy that the prosecution re-offer the plea.

On appeal, we affirmed on the only issue presented, i.e., the prosecution's challenge of the trial court's finding of ineffective assistance of counsel. *Kreiner*, unpub op at 1-4. On the prosecution's appeal, the Supreme Court issued an order addressing the remedy ordered by the trial court, which was a plea offer of a 10-year sentence for a crime that has a 25 year statutory mandatory minimum:

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

Defendant was charged with first-degree criminal sexual conduct, MCL 750.520b(1)(a) (sexual penetration of a victim under 13 years of age). Pursuant to the terms of a proposed plea agreement, she would have pleaded guilty as charged in exchange for a sentence agreement for a ten-year minimum sentence. Defendant rejected the plea offer, but following a post-conviction *Ginther* hearing, see *People v Ginther*, 390 Mich 436 (1973), the trial court ruled that defendant's decision to reject the offer was the result of ineffective assistance on the part of her trial counsel and ordered the prosecutor to re-offer the plea. However, MCL 750.520b(2)(b) provides that the statutorily authorized punishment for the offense to which defendant is to plead guilty under the proposed plea agreement is "imprisonment for life or any term of years, but not less than 25 years." Therefore, the plea agreement calls for a sentence that the trial court is without authority to impose. Given this, on remand, we DIRECT the Court of Appeals to address the appropriate remedy, if any, for defendant under the circumstances of this case. See *Lafler v Cooper*, __ US __; 132 S Ct 1376; 182 L Ed 2d 398 (2012). [*People v Kreiner*, 497 Mich 1024; 863 NW2d 41 (2015).]

As the foregoing makes clear, the Supreme Court did *not* direct this Court to reconsider that part of our opinion upholding the finding that defense trial counsel was ineffective, including the determination that defense trial counsel's performance in the plea process was constitutionally deficient and that this deficient performance prejudiced defendant. Hence, in accordance with the narrow focus of the remand order, our attention is focused exclusively on the issue of remedy. For the reasons explained below, we vacate the trial court's March 20, 2014 order to the extent it required the prosecutor to re-offer the original plea deal, and remand for the court to consider the appropriate remedy, if any, consistent with this opinion. Pursuant to the order issued with this opinion, we retain jurisdiction.

In *Lafler*, 132 S Ct at 1388, the United States Supreme Court addressed the question of what constitutes an appropriate remedy when a defendant has shown that ineffective assistance of counsel caused the rejection of a plea offer leading to a more severe sentence after trial. The Supreme Court explained:

> Sixth Amendment remedies should be tailored to the injuries suffered from the constitutional violation and should not unnecessarily infringe on competing interests. Thus, a remedy must neutralize the taint of a constitutional violation while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution. [*Id*. at 1388-1389 (quotation marks and citations omitted).]

The *Lafler* Court further detailed the remedies available if, as in this case, the ineffective assistance led to the rejection of a plea deal that results in defendant being convicted of the same crime for which she was offered to plea:

> The specific injury suffered by defendants who decline a plea offer as a result of ineffective assistance of counsel and then receive a greater sentence as a result of trial can come in at least one of two forms. In some cases, the sole advantage a defendant would have received under the plea is a lesser sentence.

This is typically the case when the charges that would have been admitted as part of the plea bargain are the same as the charges the defendant was convicted of after trial. In this situation the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea. *If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between.* [*Id*. at 1389 (citations omitted; emphasis added).]

The Supreme Court expressed that "the trial court must weigh various factors" in determining the appropriate remedy, and though those factors were not defined by the Court, it noted that "[p]rinciples elaborated over time in decisions in state and federal courts, and in statutes and rules, will serve to give more complete guidance as to the factors that should bear on the exercise of the judge's discretion." *Id*. at 1389. However, the Court did describe two considerations that are relevant in fashioning a remedy. *Id*. First, a court may take account of whether a defendant has expressed a willingness to accept responsibility for his or her actions. *Id*. Second, although it is difficult to restore the parties to the positions they occupied before the rejection of the plea offer, "that baseline can be consulted in finding a remedy that does not require the prosecution to incur the expense of conducting a new trial." *Id*. That may include consideration of "any information concerning the crime that was discovered after the plea offer was made." *Id*. See, also, *People v McCauley*, 493 Mich 872; 821 NW2d 569 (2012).

As our Supreme Court observed in its order remanding this case, the plea agreement called for a sentence that the trial court lacked authority to impose. The plea agreement would have allowed defendant to plead guilty as charged to CSC-I in exchange for the prosecutor requesting a 10-year cap on the minimum sentence. But MCL 750.520b(2)(b) provides that CSC-I is punishable "[f]or a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years." It is undisputed that at the time of the offense defendant was more than 17 years of age and the victim was less than 13 years of age; defendant was therefore subject to the 25-year mandatory minimum sentence set forth in MCL 750.520b(2)(b). Accordingly, the trial court lacked authority to impose a 10-year minimum sentence as provided in the plea agreement.[2] Consequently, the first remedy described by the *Lafler* Court—the state re-offering the original plea deal—is not available.

Under *Lafler* that leaves two options for the trial court: (1) impose the sentence defendant received after trial or (2) impose "something in between" that 25-year sentence and what was originally offered. *Lafler*, 132 S Ct at 1388. Although there is no current suggestion that the prosecutor would offer defendant the ability to plead to a lesser offense that would not be subject to the 25-year mandatory minimum sentence set forth in MCL 750.520b(2)(b) (which

---

[2] The inability of a prosecutor to waive the statutory mandatory minimum is an unstated premise of the Supreme Court's remand order, given that the Supreme Court stated that the trial court lacked authority to impose the 10-year minimum sentence called for in the plea agreement.

would be "something in between"), because this issue was initially raised by the Supreme Court, neither the prosecutor nor defense counsel has had the opportunity to articulate their current positions. And, because the *Lafler* Court emphasized the importance of the *trial court's* discretionary authority on the appropriate remedy (if any)[3], we remand for the trial court to determine in the first instance which of the two remaining remedies under *Lafler* best remedies the constitutional violation in this case.

We vacate the trial court's March 20, 2014 order to the extent it required the prosecutor to re-offer the original plea deal, and remand for the court to consider the appropriate remedy, if any, consistent with this opinion. Pursuant to the order issued with this opinion, we retain jurisdiction.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

---

[3] "Today's decision leaves open to the trial court how best to exercise that discretion in all the circumstances of the case." *Id*. at 1391.

# Court of Appeals, State of Michigan

# ORDER

People of MI v Patricia Milissa Kreiner

Docket No.     309334

LC No.      11-010364-FC

Henry William Saad
Presiding Judge

Peter D. O'Connell

Christopher M. Murray
Judges

---

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, *People v Kreiner*, unpublished opinion per curiam of the Court of Appeals (Docket No. 309334), the trial court shall determine, consistent with this opinion, the appropriate remedy, if any, for the violation of defendant's sixth amendment right to the effective assistance of counsel. The proceedings on remand are limited to this issue.

Appellant shall file with this Court a copy of the order entered by the trial court on remand within 14 days of its entry, along with any written opinion containing the court's reasoning. No more than 14 days after the filing of the order and opinion, both parties may file a brief with this Court addressing the trial court's decision.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

JUL 16 2015
_____
Date

_____
Chief Clerk